IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | 1:19-CR-0211-AT-1 |
| | : | |
| JAMES ANTHONY BRIAN MORELOCK, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

Presently before the Court is Magistrate Judge Salinas's Report and Recommendation ("R&R") [Doc. 56] recommending that the Court deny Defendant's motion to suppress statements [Doc. 36], motion dismiss indictment [Docs. 38], motion to suppress evidence [Doc. 40], and amended motion to dismiss indictment [Doc. 43]. Defendant Morelock has filed objections to the R&R [Doc. 61].

A district judge has broad discretion to accept, reject, or modify a magistrate judge's proposed findings and recommendations. United States v. Raddatz, 447 U.S. 667, 680 (1980). Pursuant to 28 U.S.C. § 636(b)(1), the Court reviews any portion of the R&R that is the subject of a proper objection on a *de novo* basis and

any non-objected portion on a "clearly erroneous" standard. The Defendant objects on several factual and legal grounds to the Magistrate Judge's Report and Recommendation.

The Court has conducted a careful *de novo* review of each of the pending motions [Docs. 36, 38, 40, 43], the Defendant's objections, and the record relating to the motions and finds that the Magistrate Judge's legal and evidentiary analysis with respect to each of the motions is correct.

Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation [Doc. 56] and **DENIES** Defendant's Motions and Amended Motions to Dismiss Indictment) [Doc. 36, 38, 40, 43] and related Objections [Doc. 61].

The Court hereby sets the trial date for James Anthony Brian Morelock to begin on March 9, 2020, at 9:30 AM in Courtroom 2308. The pretrial conference is set for March 4, 2020, at 10:30 AM in Courtroom 2308. Defendant is required to attend the pretrial conference or present a written waiver of his attendance. By February 19, 2020, the parties are to file any motions in limine and proposed voir dire questions. By February 19, 2020, the Government is to file a summary of the indictment for use in voir dire. By February 26, 2020, the parties are to file any objections to those items listed above. The time from January 27, 2020, to March

9, 2020, shall be excluded from computation under the Speedy Trial Act pursuant to 18 U.S.C. § 3161(h)(7)(A), (h)(7)(B)(i), and (h)(7)(B)(iv).

The parties should be prepared to provide the Courtroom Deputy Clerk with three (3) copies of your respective exhibit and witness lists at the start of trial for use by the Judge, Court Reporter, and Courtroom Deputy Clerk. Each party should also provide a courtesy copy of all exhibits for the Judge's use during trial, preferably in an appropriately labeled notebook provided on the first day of trial. The parties are referred to Local Rule 16.4(B)(19)(b), NDGa, concerning the pre-marking of exhibits. The parties <u>must</u> provide a courtesy copy of any documents e-filed just prior to trial or on any day during the course of the trial.

Please refer to Judge Totenberg's Guidelines to Parties and Counsel at http://www.gand.uscourts.gov/case-prep-judge-totenberg for information regarding the pretrial conference, voir dire, and courtroom technology. Any training or trial runs regarding the courtroom technology must be scheduled in advance of trial via the Courtroom Deputy Clerk. The Court will not allow time for training or trial runs at the beginning of the trial. Any motions requesting leave to bring technology into the courtroom must be filed no later than three (3) days in advance of trial, to allow time for proper notification to the US Marshals Service.

It is **SO ORDERED** this 27th day of January, 2020.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**